Cobb v. Simon, 124 Wis. 467.

COBB, Respondent, vs. SIMON, Appellant.

*February 24—March 14, 1905.*

*Master and servant: Liability for torts outside scope of employment.*

Where a floor walker in a store knew that a customer had not
stolen goods, but falsely or by a trick made it appear that she
had, and imprisoned and assaulted her in order to extort money
from her, his employer is not liable for such acts, they being
wholly outside the scope of the employment.

APPEAL from a judgment of the circuit court for Milwau-
kee county: LAWRENCE W. HALSEY, Circuit Judge. *Re-
versed.*

This record presents a third trial of the same case consid-
ered under the same title in 119 Wis. 597, 97 N. W. 276,
where the facts are sufficiently set forth. Upon the trial now
under consideration there was complete and positive evidence
by the plaintiff that she did not steal a bolt of lace and did
not have any upon her person; also that, after leaving for the
last time the lace counter, the floor walker, Saxe, had fitted
onto her a corset, thus involving the lifting of her arms and
his knowledge of the impossibility of her having hidden out-
side of her clothing any such parcel. The jury returned the
same verdict as before, except that they assessed compensatory
damages at $2,000 and punitory damages at $500. Defend-
ant moved to reverse the answer to the third question finding
that the acts of Saxe were done within the scope of his em-
ployment. Judgment was entered upon the verdict, from
which the defendant appeals.

For the appellant there was a brief by *Kronshage & Mc-
Govern,* attorneys, and *Oscar M. Fritz,* of counsel, and oral
argument by *Theodore Kronshage, Jr.*

For the respondent there was a brief by *D. T. Phalen,* at-
torney, and *Simon Gillen* and *E. A. Kehr,* of counsel, and
oral argument by *Mr. Gillen.*

DODGE, J. Upon the former trial it was declared that "if the servant knew no merchandise had been stolen, but falsely or by a trick made it appear that the plaintiff had the lace under her arm, and imprisoned and assaulted her in order to extort money from her, the defendant would not be liable for any of his acts, because Saxe had stepped aside from his employment to commit a tort for his own purposes and ends." It was further concluded that, because there was no positive statement from plaintiff or her daughter that the former had not taken and did not have upon her person the bolt of lace produced by Saxe, the jury might have inferred that she did have it, and that Saxe might have so believed, and therefore was not perpetrating a fraudulent tort for his own purpose, but was seeking to promote his employer's interests. The views then expressed are entirely conclusive of the present appeal, for it does now appear by the testimony of both plaintiff and her daughter that no such bolt of lace as that pretended to have been taken from her by Saxe was upon plaintiff's person; also that she had been subjected to such an experiment by Saxe, in fitting a corset upon her, that he must have known that she had nothing of the sort in her possession. This evidence is wholly undisputed, and supplies the certainty as to Saxe's motive in the transaction which was lacking on the former trial. In deference to what we then declared, we must now hold that the evidence conclusively established that Saxe was acting wholly outside the scope of his employment. The court, upon the motion of the defendant, should have changed the answer to the third question from "Yes" to "No." Upon such answer to the third question no judgment could result save one in favor of the defendant.

*By the Court.*—Judgment reversed, and cause remanded with directions to grant defendant's motion to change from "Yes" to "No" the answer to the third question of the special verdict, and, upon the verdict so changed, to render judgment in favor of the defendant.